

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GASTON A. MCKNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 2546 |
| ) | |
| INTERCONTINENTAL HOTELS ) | |
| GROUP PLC, a United Kingdom ) | |
| corporation, et al. ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Six Continent Hotels, Inc.'s ("SCH") motion for reconsideration and alternative motion to certify an interlocutory appeal of this court's dismissal of the instant action.

## BACKGROUND

On May 5, 2006, Plaintiff Gaston A. McKnight ("McKnight") filed a complaint alleging a defamation theory against Intercontinental Hotels Group, Inc. On June 29, 2006, the court granted McKnight's oral motion for leave to file an amended complaint within fourteen days. On July 13, 2006, McKnight filed an amended complaint, which added additional Defendants Intercontinental Hotels

1

Group PLC and SCH. On July 13, 2006, McKnight filed a notice of dismissal of the instant action against Intercontinental Hotels Group, Inc. On August 11, 2006, SCH filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to "either the United States District Court for the Northern District of Georgia or the United States District Court for the Southern District of Florida." On August 23, 2006 McKnight filed a motion to voluntarily dismiss the instant action against SCH. The parties then filed a Joint Jurisdictional Status Report with the court on September 7, 2006. On September 20, 2006, we found that McKnight, a United States citizen, was domiciled in Nicaragua and therefore "stateless" under Section 1332(a) and dismissed the instant action for lack of diversity jurisdiction. SCH now requests that the court reconsider that motion or, in the alternative, pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), certify an interlocutory appeal of this court's dismissal of the instant action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion,

2

the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court . . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The provisions set forth in Section 1292(b) state, in part, the following:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

## DISCUSSION

### I. Motion for Reconsideration

SCH argues that the court erred by dismissing the instant action for lack of diversity jurisdiction. SCH contends that the court made a "pivotal" factual error in its September 20, 2006 order. (Mot. 1). SCH's motion for reconsideration is improper because it is merely a reiteration of its statements in the Joint Jurisdictional

Status Report ("Report"). SCH does not point to any new evidence or arguments and is simply restating facts before the court to see if the court will change its mind and retain jurisdiction over the instant action where the court has no such jurisdiction. As is explained above, a simple restatement of the facts is not the proper legal standard for a motion for reconsideration. SCH states that the court's statement that McKnight is a "permanent resident" of Nicaragua is factually incorrect. (Mot. 1). However, the court's opinion did not state that McKnight was a "permanent resident" of Nicaragua, but merely that "both McKnight and his wife were issued permanent resident *cards* and driver's licenses by the Republic of Nicaragua on October 1, 2003. (Ord. 3)(emphasis added).

Additionally, SCH contends that since McKnight resides in Nicaragua under a residency visa, No. 030117, that will expire in October 2008, McKnight does not have the "right to permanent or indefinite residence" in Nicaragua, even should McKnight choose to renew his visa. (Mot. 2). Such reasoning, however, is flawed. Under SCH's logic, although McKnight intends to renew his residency visa in 2008, it would be impossible for him to intend to reside, work, and even own a home in Nicaragua indefinitely since as a non-Nicaraguan citizen McKnight would be required to fill out paperwork to renew the residency visa. However, simply because McKnight's visa must be renewed in October 2008 does not demonstrate that McKnight does not intend to reside and work in Nicaragua indefinitely.

SCH also argues that the court made a legal error that, "while fundamental, is less obvious, given the complexity that attends legal analysis of domicile." (Mot. 2). SCH contends that the court erred by applying a balancing test to determine

4

McKnight's domicile because McKnight has not legally acquired a domicile other than in Illinois. However, in determining a natural party's domicile, the court analyzes the totality of the circumstances, looking at factors such as current physical residence, place of employment, location of real property, voter registration, driver's license registration, and tax payments. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (1980). As we explained in our prior order, McKnight and his family have lived in Nicaragua since May 2002, McKnight works for a Nicaraguan business, and he owns a home in Nicaragua where he resides for an indefinite duration with his family. Additionally, both McKnight and his wife were issued residency visas and driver's licenses by the Republic of Nicaragua on October 1, 2003, while McKnight does not possess a registered Illinois driver's license, nor has he been registered to vote in the United States since moving to Nicaragua in May 2002. Although SCH contends that McKnight has no intention of indefinitely remaining in Nicaragua as evidenced by McKnight's statement that he may someday return to Illinois, as well as McKnight's ownership of real property and a single checking account in Illinois, McKnight's conduct shows his intent to make his domicile in Nicaragua. Thus, the court's use of the balancing test was proper since McKnight is no longer domiciled in Illinois.

Finally, SCH argues that the court should not dismiss the instant action for lack of diversity jurisdiction because McKnight questioned diversity jurisdiction in the Report and moved for voluntary dismissal of the instant action after SCH moved to transfer venue. However, this court's September 20, 2006 order does not address the merits of McKnight's motion to voluntarily dismiss the instant action. Rather,

5

the "first duty in every case" in federal district court for a judge is to "independently" determine whether or not the court has subject matter jurisdiction. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-94 (7th Cir. 2003)(criticizing judge for accepting jurisdictional allegations at "face value" and then remanding case back to judge for dismissal for lack of jurisdiction after a jury trial was held by court). Title 28 Section 1332(a) of the United States Code ("Section 1332(a)") creates jurisdiction in the federal courts over actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon determining that McKnight was stateless, this court was required to dismiss the instant action for lack of subject matter jurisdiction. Therefore, SCH's argument is without merit. In addition, it is worthy to note that the Plaintiff in this case has moved to dismiss the instant action because Plaintiff could not meet his burden to show that this court has jurisdiction in the instant matter. Based upon the foregoing analysis, SCH's motion for reconsideration is denied.

## II. 29 U.S.C. § 1292(b) Certification

SCH argues that the court should certify, pursuant to Section 1292(b), an appeal of the court's dismissal of the instant action. Section 1292(b) applies to interlocutory appeals. An interlocutory appeal is an appeal taken before final judgment of the district court. *See, e.g., Matz v. Household International Tax Reduction Investment Plan*, 388 F.3d 570 (7th Cir. 2004)(hearing an interlocutory appeal from the district court). Conversely, a final order is an order of the district court that contains "language 'calculated to conclude all the claims before the district court.'" *Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726 (7th

Cir. 2006)(quoting *Munson Transp., Inc. v. Hajjar*, 148 F.3d 711, 714 (7th Cir. 1998)). Clearly, this court's September 20, 2006 order dismissing the instant action for lack of diversity jurisdiction is a final order of the court.

Although SCH admits that this court's September 20, 2006 order was a final order, SCH contends that certification by this court would deter further "tactical maneuvering" by McKnight, avoid "issues concerning stay or transfer of othr [sic] proceedings," and advance the "ultimate termination" of the instant action. (Mot. 6). However, SCH already has a path which it may follow once a final order is issued. *See* 28 U.S.C. § 1291 (conferring upon the Seventh Circuit "jurisdiction of appeals from all final decisions of the District Court"). Therefore, we deny SCH's motion for certification of appeal of the court's dismissal of the instant action pursuant to Section 1292(b).

## CONCLUSION

Based on the foregoing analysis, we deny SCH's motion for reconsideration and motion for 28 U.S.C. § 1292(b) certification.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 3, 2006

7